RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
ROHIT RAJAN
Assistant Federal Public Defender
411 E. Bonneville Avenue, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Rohit_Rajan@fd.org

Attorney for Joseph Rosario Coppola

**United States District Court**
**District of Nevada**

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Joseph Rosario Coppola,<br><br>　　　　　Defendant. | Case No. 2:99-cr-00217-APG-LRL-2<br><br>**Unopposed Motion to Unseal Documents** |

Defendant Joseph Rosario Coppola moves this Court to unseal documents that are necessary for undersigned counsel to fully review the record for appeal to the Ninth Circuit. *United States v. Joseph Rosario Coppola*, 9th Cir. No. 23-3062. To conduct a thorough record review and provide effective assistance of appellate counsel to Mr. Coppola, undersigned counsel requests the Court order the Clerk's office to unseal the following documents:

- ECF 187: Addendum to Revocation Petition
- ECF 188: Second Addendum to Revocation Petition

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., L.L.C.*, 809 F.3d 1092, 1096

(9th Cir. 2016) (cleaned up). "[F]ilings under seal" can "interfere" with this right to "open, public access to judicial records and documents." *United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018) (collecting cases). To fully protect this right, courts must "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Filings central to a case can remain under seal only if a "compelling reason" supports such a determination. *See Sleugh*, 896 F.3d at 1013 (cleaned up).

A compelling reason does not exist here for the addenda to the revocation petition to remain sealed. The addenda are necessary for the appellate record. The addenda include the government's allegations underlying this Court's revocation decision, which is the judgment Mr. Coppola has appealed. *See* ECF 219. Moreover, this Court has already unsealed the revocation petition, ECF 152, making the addenda necessary to provide the complete context for this Court's decision. *See Ctr. for Auto Safety*, 809 F.3d at 1096 (identifying the need for "a measure of accountability" as a justification for the presumption of access). And lastly, courts frequently grant such requests, typically finding no compelling reason to keep material sealed in this context. *See, e.g.*, *United States v. Valenzuela-Ramos*, No. 04-cr-687-PHX-DGC, 2010 WL 1511559, at *1 (D. Ariz. Apr. 15, 2010); *United States v. Bulltail*, No. 13-cr-32-BLG-SPW, 2020 WL 3895754, at *1 (D. Mont. July 10, 2020).

For these reasons, undersigned counsel requests that the Court order the Clerk's office to unseal the addenda to the revocation petition. A proposed order is attached for the Court's convenience.

The undersigned has contacted counsel for the government, Assistant United States Attorney Melanee Smith, and the government does not oppose this motion.

**Dated:** January 23, 2024

>Respectfully submitted,
>RENE L. VALLADARES
>Federal Public Defender
>
>By: *s/ Rohit Rajan*
>Rohit Rajan
>Assistant Federal Public Defender
>Attorney for Joseph Rosario Coppola

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>       Plaintiff,<br><br>  v.<br><br>Joseph Rosario Coppola,<br><br>       Defendant. | Case No. 2:99-cr-00217-APG-LRL-2<br><br>**Order Unsealing Documents** |

IT IS HEREBY ORDERED that the Clerk's Office is directed to unseal the addendum to the revocation petition (ECF 187) and the second addendum to the revocation petition (ECF 188).

**Dated**:  January 24, 2024.

_____
U.S. DISTRICT COURT JUDGE

4